# EXHIBIT 10

 **Gmail**     **Vincent Sheu <sheu.vincent@gmail.com>**

## Vincent <> Josh quick update
3 messages

---

**Seidenfeld, Josh** <jseidenfeld@cooley.com>     Sun, Nov 2, 2025 at 9:17 AM
To: Vincent Sheu <sheu.vincent@gmail.com>

Vincent,

Mind if we move this 30 back? I'm on a bit of a kid based delay.

**Josh Seidenfeld**
Cooley LLP
3175 Hanover Street
Palo Alto, CA 94304-1130
+1 650 843 5862 office
+1 650 643 9090 cell
jseidenfeld@cooley.com

---

**From:** Vincent Sheu
**Sent:** Saturday, November 1, 2025 7:31:34 PM
**To:** Vincent Sheu <sheu.vincent@gmail.com>; Seidenfeld, Josh <jseidenfeld@cooley.com>
**Subject:** Vincent <> Josh quick update
**When:** Sunday, November 2, 2025 9:45 AM-10:00 AM.
**Where:** Vincent to call Josh

---

**When**
Sunday Nov 2, 2025 · 9:45am – 10am (Pacific Time - Los Angeles)

**Location**
Vincent to call Josh
View map

**Guests**
Vincent Sheu - organizer
jseidenfeld@cooley.com

View all guest info

**Reply** for jseidenfeld@cooley.com

Yes   No   Maybe    More options

---

Invitation from Google Calendar

You are receiving this email because you are an attendee on the event.

Forwarding this invitation could allow any recipient to send a response to the organizer, be added to the guest list, invite others regardless of their own invitation status, or modify your RSVP. Learn more

---

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

---

**Vincent** <sheu.vincent@gmail.com>                                                            Sun, Nov 2, 2025 at 9:23 AM
To: "Seidenfeld, Josh" <jseidenfeld@cooley.com>

No problem--talk to you at 10:15
--
Vincent Sheu
sheu.vincent@gmail.com

[Quoted text hidden]

---

**Vincent** <sheu.vincent@gmail.com>                                                           Sun, Nov 2, 2025 at 12:25 PM
To: "Seidenfeld, Josh" <jseidenfeld@cooley.com>

Dear Josh,

Thank you again for taking the time to speak today. I wanted to briefly summarize my understanding of what we discussed so that the record is clear and everyone stays aligned.

I want to acknowledge that you may be in a difficult position as company counsel, and I appreciate your care in handling these issues. My understanding is that Cooley's role here is limited to advising the company as an entity, not individual parties, and that our discussion today was intended to clarify process rather than take a position on any dispute. I want to be sure my summary reflects that correctly and does not suggest otherwise—please let me know if there are any clarifications you would suggest to that effect.

1. **Director role and purpose of call**
   I explained that I initiated the call in my capacity as a director of Juries.ai to understand recent company actions and ensure that proper corporate processes and duties were followed. Acknowledging the context that this situation presents as a cofounder dispute, I explained that I am approaching this strictly in my role as a director, not in any personal capacity. My intent is not to take any company action or speak on the company's behalf, but to fulfill my duties of oversight and ensure that corporate records and governance processes are properly maintained and preserved.

2. **Counsel involvement**
   I first asked whether Cooley had been asked to work on, or advise regarding, my termination. My notes reflect that you said you were not aware of Cooley working on any matters specific to my termination, or of Cooley having signed off on or otherwise assisted with the action. My understanding is that this would also extend to any officer-termination actions, processes, or documentation that encompassed or enabled my removal. If that's not correct or if you'd like to clarify, please let me know.

3. **Origin and context of officer-removal clause**
   We discussed how the CEO officer-removal clause entered the bylaws. My understanding from our discussion is that you plan to check whether Section 32 came from Cooley's standard form or was included or modified based on management input during the drafting process. I appreciate you looking into that, and I'd like to ensure the board record reflects how the provision was introduced and whether it was specifically highlighted or explained prior to approval.

4. **Application of the clause and impact on financing**
   I mentioned that I believed Elizabeth was aware that terminating me would affect the company's active financing round. You responded that, yes, actions like this do tend to affect financing rounds.

5. **Share repurchase**
   We noted that the termination triggered a repurchase of my shares. I stated that the repurchase reduced my relative ownership and increased Elizabeth's, and I confirmed with you that there was no board-level approval process documenting review or consideration of these actions.

6. **Director authority and duties and preservation steps**

   I recognize that I cannot act alone to bind the company. I am attempting to tailor my actions to be limited to those within my individual rights and obligations as a director, including inspecting and preserving company records and ensuring proper board process. These steps are temporary and intended solely to protect the company and its records while I try to understand what has occurred and assess appropriate next steps.
   Pending clarification of these matters regarding inspection and record preservation, I have taken limited, temporary steps to preserve my existing administrative access while seeking confirmation of my rights as a director to review company records—not to interfere with operations, but solely to ensure that corporate records remain intact and available for review and inspection. I also made an effort to contemporaneously note the rationale and scope of the access-preservation steps I took, to the best of my ability, so there would be some record of intent even if the documentation is not complete. For example, I have not retained or requested access to development systems such as GitHub, but have preserved access to financial, core company communication, and payroll systems that contain or govern corporate records.
   These measures are limited to record preservation and are not intended to assert any operational authority. They are intended to be temporary and limited in scope, maintained only while I work to understand what has occurred and ensure that corporate records remain available for appropriate review. I am preserving materials in good faith pending further clarification--I have reached out seeking independent counsel regarding this whole affair and intend to consult with independent counsel to ensure I understand what is appropriate and to determine the best way to cooperate with any neutral or court-supervised process.
   I do not intend to interfere with ongoing operations in any way. If any of these preservation measures appear to affect normal company activity, please contact me immediately so we can adjust accordingly. Please also let me know if there is a preferred process for coordinating this preservation access with Cooley so that everything remains consistent with the my and the company's legal obligations.

7. **Director-removal action**
   We also discussed the possibility of an action or consent to remove me as a director. My notes reflect that you indicated that could not confirm whether Cooley had been asked to work on or circulate any such action, but that, given our previous conversation and my informing you that I am contesting any such action, you could not now work on or circulate anything of that nature without clear direction from the Board.

8. **Record preservation**
   I request that the company take appropriate steps to ensure that all materials and records reasonably related to these matters are preserved while these issues are under review and clarification. This includes
   (i) materials relating to my attempted termination and the associated repurchase;
   (ii) communications, direction, or drafts regarding officer-removal authority under the bylaws;
   (iii) any actual or contemplated director-removal actions or consents;
   (iv) communications with investors or counsel concerning these topics;
   (v) any drafts, redlines, or discussions of the bylaws or other corporate-governance documents reflecting changes to officer- or director-related authority; and
   (vi) financial records reflecting the repurchase and any related transactions reasonably related to the above.
   For the avoidance of doubt, this request is **not intended as a formal litigation hold or as notice of any pending litigation**, but simply to ensure that relevant records are preserved while these issues are reviewed and clarified.

It has been a long few sleepless days dealing with this. I appreciate your time and professionalism in discussing these matters. If you have any suggested clarifications to any of the above, please let me know. I remain available to continue the conversation on any of these topics as appropriate and to coordinate next steps consistent with proper process.

Warm regards,
Vincent Sheu
Director, Juries.ai, Inc.

*Nothing in this message should be construed as a waiver or admission regarding the validity or effect of any purported termination, repurchase, or other actions that have been taken or may be taken. I expressly reserve all rights, claims, and remedies available to me in any capacity.*

--
**Vincent Sheu**

sheu.vincent@gmail.com

[Quoted text hidden]